IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLEVEN MOORER,
    Plaintiff,

vs.                                       Case No. 3:11cv248/MCR/EMT

YONKERS CITY JAIL and
WESTCHESTER COUNTY JAIL,
    Defendants.
_____ /

## ORDER, REPORT AND RECOMMENDATION

    Plaintiff, a non-prisoner proceeding pro se, commenced this action by filing a civil complaint under 28 U.S.C. § 1331 or 42 U.S.C. § 1983 (doc. 1). He has also filed a motion for leave to proceed in forma pauperis (doc. 13), which will be granted.

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true

and only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that dismissal of this action is warranted.

I. RELEVANT ALLEGATIONS

Plaintiff, who was residing in New York at the time he filed this case, but now appears to be residing in Massachusetts,[2] names two Defendants in this action: the Yonkers City Jail and Westchester County Jail (doc. 1 at 1, 2). Plaintiff's handwriting is difficult to decipher. In the statement of facts he has written "Yonkers City Jail treatment and [illegible] County Jail treatment plus transportation problems, disregarding medical condition" (doc. 1 at 5). He also complains of "endangering his life while on suicide mission" and "being locked up for nothing and police planting

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

[2] *See* doc. 13 listing a return address in Salem, Massachusetts, and see staff note at doc. 17 in Moorer v. Viviano, Case No.: 3:11cv167/MCR/EMT, regarding Plaintiff's phone call advising the court of his change of address.

Case No: 3:11cv248/MCR/EMT

their own drugs" (*id.*).  Finally, he asserts that "a Judge inside the Yonkers City Court Judge said SHUT UP instead of be quiet"  (*id.*).  He does not allege when any of the actions complained of occurred.  In his statement of claims he asserts that his freedom was taken away, he was subjected to cruel and unusual punishment, he was endangered "while on suicide mission" and his rights to fair treatment was denied, his medical condition was not treated, and he was subjected to "verbal abuse" (doc. 1 at 7).  As relief, he seeks "money" and change of imprisonment conditions and conduct, an apology from the Judge who told him to "shut up" and to "have them acknowledge danger of suicide mission."

II.    ANALYSIS

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55, 101 L. Ed. 2d  40 (1988) (citations omitted); Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West).  At a minimum, a complaint must contain sufficient facts relating to each Defendant clearly and in enough detail to support the legal conclusions contained in the "statement of claims" portion of the complaint. Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).  In this case, Plaintiff claims that he was subjected to cruel and unusual punishment under the Eighth Amendment.  Even if the Yonkers City Jail or the Westchester County Jail were legal entities subject to suit under New York law,[3] and even if they, rather than individual employees of the two institutions could be held liable for any alleged Eighth Amendment violations, Plaintiff's sparse allegations as presented do not state a claim against either entity.  Additionally, there is no basis for Plaintiff's having brought his claim in this court,

---

[3] The capacity to be sued in federal court is governed by the law of the state in which the district court is located.  Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)).

Case No: 3:11cv248/MCR/EMT

as neither he, nor his claims or Defendants, have any nexus to the state of Florida or to this court.[4] For this reason the case should be dismissed.

Title 28 U.S.C. § 1404 allows a district court to transfer a civil action to any other district or division where it might have been brought. Title 28 U.S.C. § 1406 pertains to cure or waiver of defects in venue, with § 1406(a) of that section providing as follows:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). Thus, this provision expressly grants this court the authority to dismiss an action that has been brought in the wrong district. Because Plaintiff's complaint does not allege the date on which any of the actions occurred there is no obvious statute of limitations issue.[5] Furthermore, Plaintiff's complaint would require significant substantive amendment before service. Therefore, the court finds that the "interest of justice" does not favor transfer of this case, and dismissal is appropriate.

Accordingly, it is **ORDERED:**

1. Plaintiff's motion to proceed in forma pauperis (doc. 13) is **GRANTED.**
2. The clerk is directed to amend the docket to reflect Plaintiff's current address as noted on the envelope containing his motion to proceed in forma pauperis: 56 Margin St., Salem MA 01970-3341.

And based upon the foregoing, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1406(a).
2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 13th day of July 2011.

---

[4] Plaintiff previously filed pleadings in this court that were construed as a social security matter (*see* Moorer v. Apfel, Case No.: 3:98cv222/RV). This case was dismissed upon motion of the Commissioner so it could be referred to the proper operating component of the Social Security Administration for proper administrative determination of Plaintiff's claim (*see* Case No.: 3:98cv222/RV, doc. 45). Plaintiff also filed another civil case against a citizen and resident of New York (*see* Moorer v. Viviano, Case No. 3:11cv167/MCR/EMT). The undersigned recommended that this case be dismissed on June 28, 2011 for failure to state a claim (*see* Case No.: 3:11cv167, doc. 15).

[5] The court also notes that this case has been pending for less than two months at the time of this recommendation.

Case No: 3:11cv248/MCR/EMT

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**